**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIANSHENG SHEN, | No. 08-70583 |
| Petitioner, | Agency No. A095-306-444 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Liansheng Shen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order affirming an immigration judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review and remand for further proceedings.

Substantial evidence does not support the IJ's adverse credibility determination because the perceived inconsistency regarding whether Shen considers Zhong Gong to be a religion was based on a faulty translation, and Shen's testimony and application are not inconsistent regarding why he petitioned the city and the extent to which he was mistreated in custody. *See Bandari v. INS*, 227 F.3d 1160, 1166-67 (9th Cir. 2000). In addition, Shen's failure to mention in his asylum application that he was transferred to a nearby detention center is a minor omission. *See id.* at 1167 ("[T]he mere omission of details is insufficient to uphold an adverse credibility finding."). Because the noted inconsistencies are not supported by substantial evidence, Shen is not required to corroborate his claim with additional evidence. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir. 2000).

We grant the petition and remand for further proceedings to determine whether, taking Shen's testimony as true, he is eligible for asylum, withholding of

removal, or CAT relief.  *See Solo-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th

Cir. 2009); *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**